# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LOUIS RAY GREEN, #0720276, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DIRECTOR, TDCJ-CID, et al., § <br> § <br> Defendants. § <br> § | Case No. 6:20-cv-328-JDK-KNM |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Louis Ray Green, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636. The Court previously severed Plaintiff's complaint into two lawsuits. This is the lead case wherein Plaintiff brings claims regarding the water at the TDCJ Coffield Unit. *See* Docket No. 3 (order of severance).

Before the Court is Defendants' motion to dismiss. Docket No. 27. On January 20, 2022, Judge Mitchell issued a Report recommending that the Court grant the motion and dismiss this case with prejudice for failure to state a claim upon which relief can be granted. Docket No. 32. A copy of this Report was mailed to Plaintiff, and Plaintiff filed timely objections. Docket No. 34.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28

1

U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

A party objecting to a magistrate judge's report must specifically identify those findings to which he objects. Frivolous, conclusory, or general objections need not be considered by the district judge. *See Nettles v. Wainright*, 677 F.2d 404, 410 & n.8 (5th Cir. 1982) (en banc); *see also Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. Sep. 2002) (unpublished) ("However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate judge's recommendations.").

On objection, Plaintiff relitigates his contentions that his stomach ailments are connected to contracting H. Pylori. Plaintiff also attaches his current prescription for Omeprazole—a commonly prescribed stomach-acid medication—which generally refutes his claim that prison officials are acting with deliberate indifference to his stomach ailments. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (explaining that "[m]edical records of sick calls, examinations, diagnosis, and medications may rebut an inmate's allegations of deliberate indifference."). Importantly, Plaintiff fails to address the substantive portions of Judge Mitchell's

2

Report—Plaintiff's failure to sufficiently plead Defendants' personal involvement or the analysis concerning supervisory liability.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 32) as the opinion of the District Court. The Court **GRANTS** Defendants' motion to dismiss (Docket No. 27) and **DISMISSES** Plaintiff's claims with prejudice for failure to state a claim upon which relief can be granted.

So **ORDERED** and **SIGNED** this **16th** day of **February, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3